IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KATHY DOTSON, on behalf of herself and others similarly situated,** | CASE NO. 4:22-cv-01346-JRA |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | **SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **PURFOODS, LLC** | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Kathy Dotson ("Plaintiff"), on behalf of herself and all others similarly situated, for her Second Amended Complaint[1] against Defendant PurFoods, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Chapter 4111.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

---

[1] This Second Amended Complaint is being filed with Defendant's written consent pursuant to Fed. R. Civ. P. 15(a)(2), attached as Exhibit 1.

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and Ohio Rev. Code § 4113.15 on behalf of other employees employed by Defendant in Ohio.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff Kathy Dotson is an adult individual residing in Austintown, Ohio, in Mahoning County.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and Ohio Rev. Code §§ 4111.03(D)(3) and 4113.15.

10. Defendant PurFoods, LLC is a for-profit Iowa limited liability company that operates a production facility in North Jackson, Ohio under the trade name "Mom's Meals."

11. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and Ohio Rev. Code §§ 4111.03(D)(3) and 4113.15.

12. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

14. Defendant manufactures, packages, distributes, and sells food products throughout the United States, including Ohio.

15. As a manufacturer of food products, Defendant's Ohio production employees who work in direct contact with food, food-contact surfaces, or food packaging must conform to hygienic practices while performing their primary job duties.

16. These hygienic practices include, but are not limited to, wearing outer garments that protect against the contamination of food, food-contact surfaces, or food-packaging materials, washing their hand thoroughly before starting work and after each absence from the workstation, such as during meal breaks, and wearing hairnets, beard covers, or other effective hair restraints (the "Hygienic Practices").

17. If Defendant's Ohio production employees do not follow the Hygienic Practices, it is possible, if not likely, that the food products Defendant manufactures and sells would be contaminated and unfit for human consumption.

18. It would be impossible for Plaintiff and the Class, who were engaged in the manufacturing, packaging, and handling of food products, to perform their work duties unless they followed the Hygienic Practices.

19. As a result, performing the Hygienic Practices is integral and indispensable to the work Defendant's Ohio employees who are involved in the manufacturing, packaging, and handling of food.

20. The Hygienic Practices are an intrinsic element of the job duties of Defendant's Ohio employees who are involved in the manufacturing, packaging, and handling of food, as well as ones that they cannot dispense with if they are to perform their principal activities, and a component of the work they are hired to do.

21. Consequently, time spent performing the Hygienic Practices by Defendant's Ohio employees who are involved in the manufacturing, packaging, and handling of food is compensable work time within the meaning of the FLSA and OMFWSA.

22. Plaintiff's job duties involved the manufacturing, packaging, and handling of food products. Other similarly situated employees are and were employed by Defendant at its North Jackson, Ohio manufacturing facility, and were involved in the manufacturing, packaging, and handling of food products.

23. Because Plaintiff's and other similarly situated employees' job duties involved the manufacturing, packaging, or handling of food, they were required to don sanitary clothing before they could start their work.

24. The donning of this sanitary clothing by Plaintiff and other similarly situated employees was those employees' first principal activity of the day.

25. Likewise, at the end of their work shift, Plaintiff and other similarly situated employees were required to remove, or doff, their sanitary clothing.

26. The doffing of sanitary clothing by Plaintiff and other similarly situated employees is those employees' last principal activity of the day.

27. Plaintiff and other similarly situated employees were non-exempt employees under Ohio and federal law and were paid an hourly wage.

28. Within the last three years, Defendant required Plaintiff and other similarly situated employees to don sanitary clothing and other protective equipment and wash their hands while at Defendant's facility, but prior to the start of their scheduled shift. Plaintiff and other similarly situated employees were not paid for this time.

29. After the end of their scheduled shift, Plaintiff and other similarly situated employees were required to doff their sanitary clothing and other protective equipment. Plaintiff and other similarly situated employees were not paid for this time.

30. Additionally, when leaving for unpaid lunches, Plaintiff and others similarly situated had to doff their sanitary clothing and other protective equipment, and when returning from unpaid lunches they had to don the gear and wash their hands. However, they were not paid for this compensable work that took place during the unpaid lunch time.

31. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including donning and doffing time and associated travel.

32. Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

33. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

5

34. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

35. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was at approximately ten to fifteen minutes or more each day, if not more when accounting for all pre- and post-shift time, and work performed during unpaid lunches. This resulted in approximately 50 minutes to 1 hour and 25 minutes or more of unpaid overtime per class member, per week.

36. The unpaid wages to which Plaintiff and the Class are entitled have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## OHIO CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to Civ. R. 23(a) and (b)(3) on behalf of herself and a class of persons employed by Defendant in Ohio within the last two years defined as:

> **All current and former hourly employees who worked in PurFoods LLC's North Jackson, Ohio kitchen facility who were involved in the manufacturing, packaging, or handling of food or food products and worked 40 or more hours in any workweek at any time during the two (2) years preceding the date of the filing of this Action through final disposition of this matter.**

38. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, aver that it consists of at least 100 people.

39. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for donning and doffing time, handwashing, and associated travel, whether that resulted in the underpayment of overtime, and whether Defendant failed to pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

40. Plaintiff will adequately protect the interests of the Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

41. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Civ. R. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff also brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

44. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> **All current and former hourly employees who worked in PurFoods LLC's North Jackson, Ohio kitchen facility who were involved in the manufacturing, packaging, or handling of food or food products and worked 40 or more hours in any workweek at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter.**

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

46. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Ohio Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

49. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their sanitary clothing and other protective equipment,

8

washing their hands, or for associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

51. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT TWO
### (FLSA Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their Sanitary Clothing, washing their hands, or for associated travel.

54. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

55. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their Sanitary Clothing, washing their hands, or for associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

57. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT THREE
### (Failure to Pay Wages on a Semimonthly Basis)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. R.C. 4113.15(A) requires that Defendant pay Plaintiff and the Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

60. Plaintiff's and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A).

61. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

62. As a result of Defendants' willful violation, Plaintiffs and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

- A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

- B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

- C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in an amount equal to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the Ohio Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

F. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on September 15, 2022 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiffs*
